## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| DAVID PERRY obo MARIA PERRY | § CIVIL ACTION NO. |
| | § |
| Plaintiff | § |
| | § MDL: 3:11-md-2244 |
| VS. | § |
| | § |
| JOHNSON & JOHNSON SERVICES, | § JURY TRIAL DEMANDED |
| INC.; JOHNSON & JOHNSON, INC.; | § |
| and DEPUY ORTHOPAEDICS, INC. | § |
| | § JUDGE: JAMES KINKEADE |
| Defendants | § |

### COMPLAINT

COMES NOW the Plaintiff, by and through her undersigned attorney, and, for her Complaint against the Defendants, alleges as follows:

### PARTIES

1. Plaintiff, Maria Perry, is a citizen of the State of Pennsylvania, and resides in Bushkill, in the County of Pike, Pennsylvania

2. Defendant Johnson & Johnson Services, Inc. is a corporation organized and existing under the laws of the State of New Jersey. Defendant Johnson & Johnson Services, Inc. is a subsidiary of Defendant Johnson & Johnson, Inc. At all times relevant to this action, Defendant Johnson & Johnson Services, Inc. has conducted business in the County of Dallas, State of Texas, with its principal place of business located at One Johnson & Johnson Plaza, New Brunswick, NJ 08933. Defendant Johnson & Johnson Services, Inc.'s registered agent for service of process is Johnson & Johnson. One Johnson & Johnson Plaza, New Brunswick, NJ, 08933.

3. Defendant Johnson & Johnson, Inc. is a corporation organized and existing under the laws of the State of New Jersey. Defendant Johnson & Johnson, Inc. is the parent company of Defendants Johnson & Johnson Services, Inc. and DePuy Orthopaedics, Inc. At all times relevant to this action, defendant Johnson & Johnson, Inc. has conducted business in County of Dallas, State of Texas, with its principal place of business located at One Johnson & Johnson Plaza, New Brunswick, NJ 08933. Defendant Johnson & Johnson, Inc.'s registered agent for service of process is Douglas K. Chin. One Johnson & Johnson Plaza, New Brunswick, NJ 08933.

4. Defendant DePuy Orthopaedics, Inc. is a corporation organized and existing under the laws of the State of Indiana. At all times relevant to this action, defendant DePuy Orthopaedics has conducted business in the County of Dallas, State of Texas, with its principal place of business located at 700 Orthopaedics Drive, Warsaw, IN 46581. Defendant DePuy Orthopaedics, Inc.'s registered agent for process is CT Corporation System, 251 East Ohio Street, Suite 1100, Indianapolis, IN 46204.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. §1332(a). No Defendant is a citizen of the same state as Plaintiff and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(a).

## BACKGROUND FACTS

7. The Defendants designed, manufactured, distributed, and sold an implantable orthopedic reconstructive device for use in total hip arthroplasty (THA), or

total hip replacement procedures, under the name of "DePuy Pinnacle Acetabular Cup System," hereinafter "Pinnacle" or "Product".

8. On November 29, 2011, an orthopedic surgeon performed a total hip replacement surgery on the person of Plaintiff Maria Perry, including surgically implanting the Pinnacle into the body of the Plaintiff.

9. The Pinnacle Acetabular Cup System is a set of components used in total hip replacement surgery.

10. After the implant of the Pinnacle, Plaintiff experienced pain and discomfort and exhibited symptoms of a loose implant.

11. Eventually on December 13, 2011 an orthopedic surgeon performed a revision surgery on Plaintiff to remove and replace the Pinnacle due to the failure of the total hip replacement.

12. As a direct and proximate result of defects in the Pinnacle, the Plaintiff has suffered and will continue to suffer damages, including, but not limited to, past, present, and future pain and suffering, disability, disfigurement, expenses for medical, hospital, monitoring, rehabilitative and pharmaceutical costs, and lost wages or earnings.

13. Defendants designed, researched, manufactured, tested, sought approval by the U.S. Food and Drug Administration ("FDA") and advertised, promoted, marketed, sold and/or distributed the Pinnacle as an appropriate instrumentation for use in a Total Hip Arthroplasty.

14. At all times relevant hereto, Defendants failed to properly train, instruct and/or inform the FDA and prescribing physicians of the proper technique for installation of the Pinnacle.

15. At all times relevant hereto, Defendants negligently designed, manufactured, marketed, advertised, promoted, sold and/or distributed the Pinnacle as a safe and effective implant for use in Total Hip Arthroplasty.

16. At all times relevant hereto, Defendants failed to warn of the dangers of the Pinnacle.

17. Upon information and belief, Defendants concealed their knowledge of the defects in the Pinnacle from the Plaintiff and/or the physicians, hospitals, and/or the FDA.

18. Consequently, because of Defendants' acts and omissions, Plaintiff seeks damages including, but not limited to:

    a) pain and suffering (past and future);

    b) wage loss (past and future);

    c) earning impairment;

    d) medical expenses (past and future)

    e) loss of enjoyment of life;

    f) mental anguish and distress;

    g) permanent injuries and impairment; and

    h) attorney fees.

## STRICT LIABILITY-FAILURE TO WARN

19. Plaintiff hereby restate and allege each and every allegation set forth above, with the same force and effect as if herein repeated and set forth at length.

20. Defendants developed, manufactured, marketed, and distributed the Pinnacle implanted in Plaintiff Maria Perry and sold it in the course of their business, even after acquiring knowledge that the Pinnacle was defective and dangerous and could cause injury to the plaintiff, without any warning to physicians or patients, including Plaintiff Maria Perry and her physicians.

21. As a direct and proximate result of Defendants' failure to warn of this serious risk, the Plaintiff Maria Perry has suffered substantial damages.

22. The Pinnacle was expected to, and did, reach the usual consumers, handlers, and persons coming into contact with said product without substantial change in the condition with which it was produced, manufactured, sold, distributed, and marketed by the Defendants.

23. At all times, the Pinnacle was in an unsafe, defective, and inherently dangerous condition which was unreasonably dangerous to its users and, in particular, Plaintiff Maria Perry.

24. The Pinnacle was so defective in design or formulation or manufacture that when it left the hands of the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design, formulation or manufacture of the Pinnacle.

25. At all relevant times, the Pinnacle was in a defective condition and unsafe, and

Defendants knew, had reason to know, or should have known that said product was defective and unsafe, especially when used in the form and manner as provided by Defendants.

26. Defendants had a duty to create and sell a product that was not unreasonably dangerous for its normal, intended use.

27. Defendants' Pinnacle product was designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed in a defective or inadequate condition by Defendants and was unreasonably dangerous and created an unreasonable risk to its intended users, including Plaintiff Maria Perry.

28. Plaintiff Maria Perry, acting as a prudent person, could not discover that the Pinnacle was defective as herein mentioned or perceived its danger prior to the date it was implanted into Plaintiff's body.

29. The Pinnacle as designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by the Defendants is defective due to inadequate warnings, inadequate instructions, and/or inadequate testing.

30. The Pinnacle as designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by the Defendants is defective due to inadequate post-marketing surveillance and/or warnings because, upon information and belief, sales continued after Defendants knew, or should have known, of the manufacturing defect and risks, including severe and permanent health consequences.

31. Defendants' defective design, manufacturing defect, inadequate instructions, and inadequate warnings of the dangers associated with the Pinnacle were acts that amount to willful, wanton, and/or reckless conduct by Defendants.

32. As a direct and proximate result of the defective condition of the Pinnacle as manufactured, promoted, distributed and sold by Defendants, Plaintiff Maria Perry suffered and continues to suffer damages.

33. For all the reasons alleged herein, Defendants' defective product was unreasonably dangerous in construction and composition because, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product, or from otherwise identical products manufactured by the same manufacturer.

34. For all the reasons alleged herein, Defendants' defective product was unreasonably dangerous in design at the time the product left its manufacturer's control in that:

> a) There existed an alternative design for the product that was capable of preventing the Plaintiff's damage; and
>
> b) The likelihood that the product's design would cause the Plaintiff's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product.

35. For all the reasons alleged herein, Defendants' defective product was

7

unreasonably dangerous because an inadequate warning about the product, including inadequate warning on instruction for installation of the product, had not been provided and at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the Defendants failed to use reasonable care to provide adequate warning of such characteristic and its danger to users and handlers of the product.

36. Further, the Defendants, after the product left their control, acquired knowledge of a characteristic of the product that may cause damage and the danger of such characteristic (or alternatively, Defendants would have acquired such knowledge if they had acted as a reasonably prudent manufacturer), and thus are liable for damages suffered by Plaintiff, which arose as a consequence of Defendants' failure to use reasonable care to provide an adequate warning of such characteristic and its danger to users when such knowledge was acquired.

## NEGLIGENCE

37. Plaintiff hereby restates and alleges each and every allegation set forth above, with the same force and effect as if herein repeated and set forth.

38. Defendants are the designer, manufacturer, seller, and/or supplier of the devices implanted in Plaintiff.

39. When placed in the stream of commerce, Defendants' device was not accompanied by any meaningful warnings regarding the risk associated with it. The warnings given by Defendants were silent as to the particular risks for which the device has been recalled and/or suspended.

40. Defendants had a duty to exercise reasonable care in the design, manufacture, sale and/or distribution of its implant.

41. Defendants were negligent in the design, manufacture, testing, advertising, marketing, promotion, and labeling of the product, as well as in their failure to warn, and failure to properly instruct and/or train physicians in the use of its implants, including the implant received by Plaintiff. Defendants knew or should have known that patients, such as Plaintiff, would foreseeably suffer injury as a result of Defendants' failure to exercise ordinary care as described above.

42. The Pinnacle was unreasonably dangerous and defective because:

   a) The manufacturing processes for the prosthesis and certain of its components did not satisfy the Food and Drug Administration's standards for the devices; and/or

   b) The failure of the manufacturing processes for the implants and certain of its components to satisfy the Food and Drug Administration's standards for the implants resulted in unreasonably dangerous manufacturing defects;

   c) The Defendants failed to warn of the unreasonable risks which created by these manufacturing defects; and

   d) The Defendants failed to properly instruct and/or train implanting physicians, thereby creating an unreasonably dangerous and defective device.

43. Defendants' actions as described herein constitute knowing omissions,

9

suppression or concealment of material facts, made with the intent that others would rely upon such concealment, suppression or omissions in connection with the marketing of the devices.

44. The behavior or the Defendants demonstrates that they acted unlawfully and negligently, used or employed unconscionable commercial business practices, engaged in deception, fraud, false pretenses, false promises or misrepresentations, and/or perpetrated the knowing concealment, suppression or omission of material facts with the intent that consumers, including Plaintiff, would rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of its implants.

45. As the direct and proximate cause and legal result of the Defendants' failure to provide appropriate warnings, instructions and/or training for Plaintiff's implant, and as a direct and legal result of the negligence, other wrongdoing and actions or omissions of Defendants described herein, the devices were implanted into Plaintiff and Plaintiff has suffered consequential damages.

46. Defendants' negligence was the direct and proximate cause of Plaintiff's injuries and damages set forth herein.

## NEGLIGENT MISREPRESENTATION

47. Plaintiff hereby restates and alleges each and every allegation set forth above with the same force and effect as set forth herein and repeated at length.

48. Defendants made misrepresentations and/or omissions of material facts, including, but not limited to:

    a) That Plaintiff's implant was fit for its intended use;

  b)  That Plaintiff's implant was of merchantable quality;

  c)  That Plaintiff's implant was safe and efficacious in the treatment of Plaintiff's medical condition;

  d)  That Plaintiff's implant would function as intended when necessary;

  e)  That Plaintiff's implant was defective, such that it would fail to function as intended; and

  f)  That Plaintiff's implant was inherently dangerous.

49. These representations and/or omissions were false and misleading at the time they were made.

50. Defendants negligently and carelessly made the foregoing misrepresentations without a basis.

51. Defendants were aware that they did not possess information on which to accurately base the foregoing representations and concealed from Plaintiff that there was no reasonable basis for making said representations herein.

52. When Defendants made the foregoing representations, they knew or should have known them to be false.

53. In reliance upon the foregoing misrepresentations by the Defendants, Plaintiff was induced to and did subject herself to the use of the Pinnacle. If Plaintiff had known of the true facts, she would not have taken such action and risk. Plaintiff's reliance on Defendants' misrepresentations and omissions was reasonable because said representations were made by individuals and entities in a position to know the true facts.

54. As a result of the foregoing negligent misrepresentations by Defendants, Plaintiff will continue to suffer injury, expense and economic loss as previously described.

## BREACH OF IMPLIED WARRANTY

55. Plaintiff restates each and every allegation set forth above with the same force and effects as it set forth herein and repeated at length.

56. Defendants are in the business of designing, manufacturing, and/or supplying and/or placing into the stream of commerce the Pinnacle for consumers.

57. By placing the Pinnacle into the stream of commerce, Defendants impliedly warranted that it was merchantable and fit and safe for its intended use.

58. The Pinnacle placed into the stream of commerce by Defendants was defective and accordingly, was not fit, safe, or merchantable for its intended use.

59. The defects in the Pinnacle designed, manufactured and/or supplied and/or placed into the stream of commerce by Defendants, were present at the time the product left Defendant's control.

60. Defendants breached the implied warranty for the Pinnacle because said product was defective, unmerchantable, and not fit for its intended purpose.

61. Plaintiff was a foreseeable user of the Pinnacle designed, manufactured and/or supplied and placed into the stream of commerce by Defendants.

62. As a direct and proximate result of Defendants' breach of implied warranties, Plaintiff will continue to suffer injury, expense and economic loss as previously described, rendering Defendants liable for said damages.

## REDHIBITION

63. Plaintiff restates each and every allegation set forth above with the same force and effects as it set forth herein and repeated at length.

64. Prior to the manufacturing, sale and distribution of the defective device, defendants knew, or were reckless in not knowing, that the defective device was in a defective condition and that those who were implanted with said device were at an unreasonable risk of experiencing injury. Further, Defendants, through their officers, directors, and managing agents, had notice and knowledge from several sources, prior to the date of the marketing and sale of said defective device to Plaintiff, that the product presented potentially a substantial and unreasonable risk of harm to the consumer, including Plaintiff, and as such said consumers were unreasonably subjected to risk of injury from the use of that product.

65. Despite such knowledge, Defendants, through their officers, directors, and managing agents, knowingly and deliberately failed to remedy the known defects in the defective failed to warn the public, including Plaintiff, of the serious risk of injury occasioned by the defects inherent in the product.

66. On Information and belief, such failure to notify the public, including Plaintiff, was for the purpose of increasing sales and enhancing their profits and Defendants intentionally proceeded with the manufacturing, sale and marketing of the defective device knowing that persons would be exposed to serious potential danger, in order to advance their own pecuniary interests.

67. Defendants intentionally misrepresented material facts known to Defendants, concealed material facts known to Defendants, or otherwise deceived Plaintiff, with the intent to deprive Plaintiff of her rights or property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

a) That process issue according to law;

b) That Defendants be duly served and cited to appear and answer herein, and that after due proceedings are had, that there be judgment in favor of Plaintiff and against Defendants for the damages set forth above, along with court costs, pre-judgment and post-judgment interest; and,

c) For all such other relief as to which Plaintiff may show herself entitled to.

Dated: April 14, 2014

/s/ W. James Singleton
W. James Singleton Bar No.17801
wjsingleton@singletonlaw.com
Attorney for Plaintiff
THE SINGLETON LAW FIRM
4050 Linwood Avenue
Shreveport, Louisiana 71108
Telephone: (318) 631-5200